**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARIANE ROWLAND; JAMIE SCHULZE, | No. 24-5196 |
| *Plaintiffs - Appellees*, | D.C. No. 1:20-cv-00059-SPW |
| v. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC., | OPINION |
| *Defendants*, | |
| and | |
| PHILIP BRUMLEY, | |
| *Not Party in District Court - Appellant.* | |
| TRACY CAEKAERT; CAMILLIA MAPLEY, | No. 24-5200 D.C. No. 1:20-cv-00052-SPW |
| *Plaintiffs - Appellees*, | |
| v. | |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE
AND TRACT SOCIETY OF
PENNSYLVANIA, INC., BRUCE
MAPLEY Sr.,

   *Defendants*,

and

PHILIP BRUMLEY,

   *Not Party in District Court - Appellant*.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted May 22, 2025
San Francisco, California

Filed July 7, 2025

Before: Michelle T. Friedland and Salvador Mendoza, Jr.,
Circuit Judges, and Robert S. Lasnik, District Judge.[*]

Opinion by Judge Lasnik

---

[*] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

**SUMMARY**[**]

**Attorney Sanctions / 28 U.S.C. § 1927**

The panel affirmed the district court's order sanctioning attorney Philip Brumley under 28 U.S.C. § 1927 for submitting a signed affidavit that demonstrated a reckless disregard for providing an accurate and truthful accounting of facts relevant to determining whether the court had personal jurisdiction over defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA").

Brumley, who was General Counsel for WTPA, argued that the district court lacked authority to sanction him under § 1927 because he signed the affidavit in question as a fact witness—not as an attorney of record admitted to practice before the district court, this Court, or any other court within the Ninth Circuit. The panel held that Brumley forfeited that argument on appeal, but nonetheless forgave that forfeiture as to the purely legal question presented.

Under § 1927, a court may sanction "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously." The sole issue on appeal is whether Brumley was an "attorney" within the meaning of § 1927 when he signed an affidavit testifying to "direct knowledge" gained in his role as "General Counsel" for WTPA.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel rejected Brumley's argument that he was not acting as "an attorney" when he signed and submitted the affidavit because he was not an attorney of record in the underlying matter. That Brumley was not an attorney of record was immaterial. Counsel for Brumley stated at oral argument that Brumley was an attorney admitted to practice in the United States Supreme Court. Thus, Brumley was an attorney admitted to conduct cases in a court in the United States whose undisputed conduct before the district court may be reached by § 1927.

The panel also rejected Brumley's argument that, even if he was an attorney, he was not acting "as an attorney" because he was acting merely as a fact witness when he signed the affidavit. General counsels act "as attorneys" when they sign and submit affidavits in support of their clients in their capacities as general counsels and testify to facts known because of their roles. Here, Brumley did exactly that. Brumley accordingly acted "as an attorney" when he signed and submitted that affidavit as General Counsel of WTPA and may be sanctioned under § 1927.

---

**COUNSEL**

Ryan R. Shaffer (argued), Meyer Shaffer & Stepans PLLP, Missoula, Montana, for Plaintiffs-Appellees.

Benjamin G. Shatz (argued) and Benjamin E. Strauss, Manatt Phelps & Phillips LLP, Los Angeles, California; Gerry P. Fagan, Christopher T. Sweeney, and Jordan W. FitzGerald, Moulton Bellingham PC, Billings, Montana; for Appellant.

# OPINION

LASNIK, District Judge:

Attorney Philip Brumley was sanctioned by the district court under 28 U.S.C. § 1927 for submitting a signed affidavit that demonstrated a reckless disregard for providing an accurate and truthful accounting of facts relevant to determining whether the court had personal jurisdiction over defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), causing the proceedings to be multiplied for seventeen months. Brumley, an attorney admitted to practice before the United States Supreme Court, signed the affidavit in his role as General Counsel for WTPA but contends he cannot be sanctioned under § 1927 because he was acting as a fact witness, not as an attorney, when he signed the affidavit. We disagree and therefore affirm.

## I.

Two Jehovah's Witnesses corporations were sued in federal court by women who alleged they had been repeatedly sexually molested as young girls in the 1970s and 80s by Jehovah's Witnesses officials in Hardin, Montana. One of the defendant corporations, WTPA, moved to dismiss the lawsuit for lack of personal jurisdiction. The sole evidentiary basis for WTPA's motion to dismiss was an affidavit signed by Brumley. In the affidavit, Brumley identified himself as "General Counsel for defendant Watch Tower Bible and Tract Society of Pennsylvania" and stated that "[i]n this role, I have direct knowledge of the information contained in this Affidavit."

The majority of Brumley's statements in the affidavit were made in the present tense. *Id*. For example, Brumley's affidavit stated that WTPA "has no contact with congregations of Jehovah's Witnesses located in Montana," "does not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in Montana," and "does not appoint or remove elders, ministerial servants or publishers in congregations of Jehovah's Witnesses in Montana." Plaintiffs produced evidence that raised questions as to whether Brumley's present-tense statements in his affidavit would be true if applied to the relevant time period, the 1970s and 80s. Finding that the relevant facts were controverted, the district court ordered jurisdictional discovery.

More than a year later, citing evidence obtained during discovery and from independent sources, plaintiffs served WTPA with a motion for sanctions under Federal Rule of Civil Procedure 11. The motion alleged Brumley's representations to the district court had been "knowingly false and misleading." Fifteen days later, WTPA withdrew its motion to dismiss for lack of personal jurisdiction, triggering the safe harbor provision of Rule 11.

Plaintiffs next filed for sanctions under 28 U.S.C. § 1927, contending that Brumley and another WTPA attorney had unreasonably and vexatiously multiplied the proceedings for the purpose of obstructing plaintiffs' claims. After briefing and oral argument, the district court agreed with plaintiffs only as to Brumley, finding that the information collected by plaintiffs demonstrated "that in past decades WTPA played a more involved and pivotal role in the operation of Jehovah's Witness congregations" than what Brumley had stated, and that "Brumley, as General Counsel for WTPA, should have been able to access the

information at the time he made his sworn statements." The district court continued: "By seemingly failing to investigate and provide a more accurate description of WTPA's activities in past decades, Brumley's actions demonstrate, at minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role." Brumley's conduct, the district court held, represented "a conscious decision to provide only a limited depiction of WTPA's corporate activities" and "permitted WTPA to file its motion to dismiss that then multiplied the proceedings for 17 months through jurisdictional discovery and motions to compel." The district court accordingly sanctioned Brumley under § 1927 and ordered him to personally satisfy $158,448.11 in excess costs, expenses, and fees incurred by plaintiffs as a result of his affidavit.

Brumley now appeals.[1]

## II.

"We review . . . an award of § 1927 sanctions for an abuse of discretion." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015) (quoting *GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir. 1994) (per curiam)). "The construction or interpretation of 28 U.S.C. § 1927 is a question of law, and is reviewed de novo." *Id*. "The factual findings upon which a district court bases an award of sanctions are reviewable under a clearly erroneous standard." *United States v. Associated*

---

[1] Prior to this appeal, Brumley sought an interlocutory appeal of the district court's order before final judgment was entered. We dismissed that interlocutory appeal for lack of jurisdiction. *See Caekaert v. Brumley*, No. 23-35329, 2024 WL 2717403 (9th Cir. 2024).

*Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985).

## III.

### A.

On appeal, Brumley argues that the district court lacked authority to sanction him under § 1927 because he signed the affidavit in question as a fact witness—not as an attorney of record admitted to practice before the district court, this Court, or any other court within the Ninth Circuit. Brumley forfeited that argument on appeal. We nonetheless forgive that forfeiture as to the purely legal question presented.

Although there is no bright line rule to determine whether an issue has been properly raised below, an issue is generally deemed forfeited where it was not "raised sufficiently for the trial court to rule on it." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)). Here, neither Brumley nor WTPA presented the not-acting-as-a-lawyer argument to the district court before that court ruled on the motion for § 1927 sanctions. Instead, ahead of the district court's sanctions ruling, WTPA argued only that Brumley had not made any "inaccurate, untrue, misleading, or deceiving" statements to the district court. WTPA's argument that Brumley had not been acting as an attorney was first introduced two months *after* the entry of the district court's order sanctioning Brumley under § 1927, when WTPA was disputing the amount of the sanctions award. Therefore, Brumley has forfeited the argument that he was not acting as an attorney when he signed the affidavit in question.

Still, we have discretion to forgive the forfeiture if "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001)). Here, those conditions are satisfied. The issue presented here is purely one of law because the material facts are undisputed: Brumley does not contest the district court's determination that he signed the affidavit as General Counsel of WTPA attesting to facts of which he had "direct knowledge" because of his role as General Counsel; that his conduct demonstrated "at [a] minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role"; or that his conduct "permitted WTPA to file its motion to dismiss that then multiplied the proceedings for 17 months through jurisdictional discovery and motions to compel." And no prejudice to the opposing party will result from our reaching the issue given that, as explained next, we agree with plaintiffs on the merits. *See infra* Section III.B; *see also Kaass Law*, 799 F.3d at 1293 (quoting *Echavarria-Escobar*, 270 F.3d at 1267-68). We accordingly forgive Brumley's forfeiture and decide the merits of Brumley's argument.

**B.**

Under 28 U.S.C. § 1927, a court may sanction "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously," and the court may require the sanctioned attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The sole issue on appeal is whether Brumley was

an "attorney" within the meaning of § 1927 when he signed an affidavit testifying to "direct knowledge" gained in his role as "General Counsel" for WTPA. Brumley argues that he was not acting as "an attorney" when he signed and submitted the affidavit because he was not an attorney of record in the underlying matter. He further argues that he was acting only as a fact witness so could not have been acting as "an attorney" when he signed the affidavit. We disagree.

That Brumley was not an attorney of record is immaterial. In *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111 (9th Cir. 2024), we stated that "[t]he plain language of [§ 1927] . . . supports the conclusion that the attorneys of record for a specific client do not represent the entire universe of individuals who may be sanctioned pursuant to § 1927." *Id.* at 1153. *Caputo* also forecloses Brumley's argument that he may not be sanctioned under § 1927 because he is not admitted to practice before the district court or any court in the Ninth Circuit. *Id.* We further explained in *Caputo* that "§ 1927's language is also broad in that it can reach '*any* attorney or other person admitted to conduct cases in *any court* of the United States' provided they personally 'multiply the proceedings in any case unreasonably and vexatiously.'" *Id.* Counsel for Brumley stated at oral argument that Brumley is an attorney admitted to practice in the United States Supreme Court. Thus, Brumley is an attorney admitted to conduct cases in a court of the United States whose undisputed conduct before the district court may be reached by § 1927. There was therefore no abuse of discretion in the district court's decision to sanction Brumley under § 1927 for unreasonably and vexatiously multiplying proceedings.

Brumley further argues that even if he was an attorney, he was not acting "as an attorney" because he was acting merely as a fact witness when he signed the affidavit. That Brumley attested only to facts does not change our conclusion. Brumley's proposed reading of § 1927—that an attorney must be acting "as an attorney" to be sanctioned— is debatable. Counsel for Brumley expressed concern that a lawyer admitted to conduct cases in a federal court who witnesses an accident might become subject to § 1927 sanctions if the lawyer submits a signed affidavit in federal court proceedings related to that accident. We note that independent of any laws or court rules, attorneys are bound by rules of professional conduct that impose duties on attorneys as a requirement of holding a law license. Those duties include the duty of candor to the tribunal. Judges are well aware of this duty and as a result may give more weight to, for example, a sworn affidavit signed and filed by an attorney. The essence of § 1927 is that when an attorney abuses the extra trust placed in them by a court, and thereby wastes a significant amount of the court's time, that attorney may be sanctioned and, where appropriate, ordered to personally pay the excess costs, expenses, and attorneys' fees traceable to the relevant conduct. Regardless, we need not and do not decide whether an attorney must be acting "as an attorney" for § 1927 to apply because the undisputed facts here plainly establish that Brumley was acting "as an attorney." General counsels act "as attorneys" when they sign and submit affidavits in support of their clients in their capacities as general counsels and testify to facts known because of their roles. Here, Brumley did exactly that. Brumley accordingly acted "as an attorney" when he signed and submitted that affidavit as General Counsel of WTPA and may be sanctioned under § 1927.

## IV.

For all the foregoing reasons, we affirm the district court's order imposing § 1927 sanctions on Brumley.